Good morning, Your Honors. May it please the Court, my name is Karan Singh Dadiyala. I'm representing Plaintiff Appellant Mr. Lamont Shepard. We believe the District Court erred in granting summary judgment as to Miranda and abused its discretion in denying counsel to Mr. Shepard. Denying Mr. Shepard's request for counsel, rather. I'm going to begin with decision. The District Court's wholesale adoption of the magistrate judge's findings and recommendations fails to consider key evidence, including sworn testimony in the record, that establishes genuine disputes of material fact that have a bearing on both the excessive force and qualified immunity findings. For excessive force, for instance, in disposing of Mr. Shepard's claim, the magistrate judge stated that Plaintiff has not submitted any admissible evidence to dispute that he, Mr. Shepard, grabbed Defendant Officer Bass's arm and attempted to pull him into his cell. But on page 15 of Mr. Shepard's opposition to the magistrate judge's findings at ER 111, and which were attested to under penalty of perjury, Mr. Plaintiff asserts that Plaintiff did not grab Defendant Bass's hand, wrist, or arm, and pulled his hand or wrist or arm into cell. And again on page 21 of the same pleading, Mr. Shepard states that Plaintiff never had a hold on Defendant Bass. However, Bass pulled back on the chain. Plaintiff could not release Bass due to Plaintiff did not have Defendant Bass, for he had Plaintiff. Roberts, counsel, I read the government, not the government, the defendants here as basically not even contesting what you're talking about. They try to defend it solely on the qualified immunity ground, and the theory is that, well, okay, fine, maybe that's what your client attested to, but Miranda could reasonably, if mistakenly, have perceived your client as having pulled Bass in. And so on that basis, he should nonetheless get qualified immunity. Maybe you could zero in on that argument. Absolutely, Your Honor. So for qualified immunity, the reason that the factual disputes are important is because if the facts are construed in favor of the Plaintiff, the party opposing summary judgment, you know, his version of events is such that it wouldn't be reasonable to assume that Officer Miranda perceived a threat. He contests that he was pulling on him to let go, that Miranda, Officer Miranda ordered him to let go. And his version of the events is that Defendant Bass was pulling his waist chain, he was up against the food port, and again, he was not recalcitrant, he was not resisting. And then Officer Bass told Officer Miranda, or told Mr. Shepard, don't ever speak to my lieutenant like that used explicatives and racial slurs, and then ordered Officer Miranda spray him. So I understand that Apelli's argument is that, well, there was some sort of struggle there, and Officer Miranda could have just witnessed this struggle and thought there's a need for pepper spray to stop the struggle. I think there's a qualitative difference between Officer Bass telling Mr. Shepard, making the statement to Mr. Shepard, you know, don't ever speak to my lieutenant like that again, and then 30 seconds, a minute passing, and then telling Officer Miranda spray him, and Officer Miranda feeling like there's something going on, there's some ‑‑ What are we ‑‑ oh, I'm sorry. I was going to say, in analyzing the summary judgment question with respect to Miranda, what effect, if any, does it have that there's already a verdict in favor of Bass? How does that affect our view of the facts? Because the jury at least believed Officer Bass's version of what he did. So how does that come into the mix? Well, Your Honor, the question that was posed to the jury, the question that went forward, the claim on Officer Bass was whether or not by yanking down on Mr. Shepard's handcuffs, Officer Bass committed excessive force. And as you know, there's several factors involved in a finding of excessive force. And so it is possible that the jury found that Mr. Shepard did not make his case by a preponderance of the evidence. It's possible that they found that maybe Officer Bass was pulling on the waist chain, but he didn't yank down on the handcuffs. And that ‑‑ but otherwise, they could accept Mr. Shepard's version of the events and find that there was no excessive force. Maybe they found that whatever Officer Bass did was reasonable in the circumstances. And so it's a separate incident from the one with Officer Miranda. And to return to your question, Your Honor, Officer Miranda, if he's hearing Officer Bass say, don't ever speak to my lieutenant like that again, and seconds later saying, spray him. And just to be clear, Officer Miranda denies that that ever was ‑‑ that Bass ever said that, right? Yes. So it seems like that's the conflict, I guess, that you're relying on even with respect to I mean, if the jury were to believe your client's version of events, Miranda could not have acted under any mistaken belief that use of the pepper spray was necessary. He was actually acting on a command from Bass essentially to retaliate against your client. Yes, Your Honor. And that is our position on qualified immunity. What do we make of the fact that your client doesn't seem to think that the pepper spray was any big deal? He was more concentrated on the slashes on his wrist, you know, due to the handguns. I mean, if there's a de minimis injury, why would your client still have a claim against Miranda? Well, Your Honor, the Supreme Court has found that de minimis injury does not end in an excessive force claim. It's one of the ‑‑ it's certainly one of the factors to consider, and it should be weighed in the excessive force analysis. But the fact that I think in Wilkins v. Gaddy, the fact that the excessive force analysis, the Supreme Court found that, you know, because the ‑‑ because an inmate or a plaintiff has the good fortune of not being harmed by an incident, it doesn't mean that there was an excessive force. In this case, Mr. Shepard claims, you know, he claims, yeah, pepper spray doesn't really hurt me. It doesn't have any harm on me because I've been pepper sprayed 50 times before. So because he has the, you know, and he has the, quote, unquote, good fortune of having developed some sort of immunity to pepper spray does not mean that Officer Miranda's actions were not excessive. Can I shift you to the refusal to appoint counsel issue? Because I guess I think you took issue with the district court's supposed failure to take into account the likelihood of success. I think that was kind of the ‑‑ as I read your argument, the main ‑‑ and I don't know. I just thought you were being a little overly technical in the way you read the magistrate judge's order. He or she, I can't remember now, seemed to say even if, you know, or I think she acknowledged that there might well be strong claims here or, you know, he might well be able to prove this. But nonetheless, the issues are pretty simple. And I guess I had a hard time seeing why that was an abuse of discretion. Yes, Your Honor. I mean, the argument in our briefing is technical, is on a technical point, which, again, we feel warrants reversal. But we also think that substantively, if the magistrate judge had engaged in this analysis earnestly, as she should have, she would have found that this was a claim that would warrant counsel. This falls into those categories. Well, in general, you're not entitled to counsel in a civil proceeding like this, right? It's got to be something extraordinary circumstance that would justify it. Yes, Your Honor. So the presumption is against you. And now you're asking us to find an abuse of discretion in what the magistrate judge did. Yes, Your Honor. We are, and it's, as we discussed in our briefing, it's principally based on our position that the magistrate judge did not perform the correct analysis or did not do it adequately. But we think on the merits, you know, this is the type of case that would warrant appointment of counsel, understanding that Mr. Shepard does not have a right to counsel. He was successful enough in having qualified immunity denied to Bass, so it had to go to trial. Yes, Your Honor. You know, he pled some certain facts that, you know, were able to get him to the next stage. But there are also issues where, you know, when he submitted his summary judgment motion, he was moving on deliberate indifference, despite the fact that that claim had already been dismissed, despite the fact that, you know, in analyzing different factors. And throughout the whole course of the district court proceedings, Mr. Shepard was focused on trying to impeach Bass on collateral issues instead of actually proving the elements of his claim. Counsel, you've used your time, but we'll give you a minute for rebuttal when the time comes, because we've asked a lot of questions. Good morning. May it please the Court. My name is Susan Coleman, and I represent appellees Bass and Miranda. Now, appellants' counsel raises in their brief and in their   brief, and we agree that this was not adequately addressed in the response brief, the answering brief, and that is because we took their word as officers of the court that there were disputes of fact as to the sworn testimony in the statements as to whether Bass pulled plaintiff's arm. However, upon further review in preparation for argument, the only thing sworn is the proof of service. So if you go to the objections to the findings and recommendation or the opposition to the summary judgment motion, they are not sworn under penalty of perjury. The plaintiff signs and dates those pleadings, and the only thing under penalty of perjury is the proof of service. If that was the case, the plaintiff would not be sworn under penalty of perjury. What are you looking at? I'm looking at least at ER 260 and 261 at the end of a many-page statement of facts. He says, I declare under penalty of perjury that the foregoing is true and correct. Yes, Your Honor, but that page, wait, 260, right, that's his summary judgment motion. Right. But it contains facts. Right. But in the summary judgment motion itself, plaintiff does not dispute, does not ever deny that he pulled Fass' arm. And if you look at his objections to the magistrate's findings, for example, it's not sworn under, for example ---- That's what, ER 97 to 120? That's ER 44. I've got to note that the objections to the magistrate judge's findings and recommendations are between pages 97 and 120. Is that right or wrong? Ninety-seven. I'm sorry. Okay. So the numbering is a little ---- there's some numbers missing, but it looks like on page 119, at the end of his objection to the findings and recommendations, the plaintiff hereby object. It is so ordered, dated May 22nd. Well, let me ask you ---- S.L. Shepherd, and then it's only on the following page, proof of service by mail, where there's a penalty of perjury sworn. And if you examine the opposition to the summary judgment motion and his reply on plaintiff's summary judgment motion, there also is no, I declare these facts to be true under penalty of perjury. Sotomayor, that's not the case, if you ---- at least I don't see it that way in terms of the motion that I was reading from earlier. But let me ask you a different question. Let's assume that we would view the statements of fact as being sufficiently sworn to be considered. Do you concede that there's an issue of fact with respect to Miranda, if that were the case? And I know you don't concede it. If that were the case, there may be a dispute of fact as to whether he grabbed his arm, but I'd like to give you a few citations to look at. The reply to the defendant's opposition to the summary judgment is unsworn, and that's excerpt of record page 144. Only ---- Well, I guess ---- Only the proof of service on the next page is unsworn. How about, though, I mean, he did not just rely on his own statements. He relied he had other inmates. And I'm looking at ER 287. This is, I think, Darnell Lemons. Is that one of the other inmates? He signed a declaration under penalty of perjury attesting to the exact version of events that the plaintiff ---- That's correct. There are some inmate statements under penalty of perjury, but if you look closely at those, there's ---- they talk about, for example ---- Are you looking at ER 287? 287. Because he says, Mr. Lemons says that he heard Bass give the command, after basically stating the don't you ever talk to, you know, my lieutenant like that, heard Bass give the command to Miranda Sprann. But he doesn't deny that plaintiff grabbed Bass's arm. But that's not the point. It seems to me that the question, as was discussed with opposing counsel, is whether there was gratuitous spraying that was ordered by Bass. And certainly that's part of the motion that Shepard filed. He starts by saying in the very first page of it, Miranda failed to intervene. Instead, Miranda, I'm leaving out some words, too, went off the order of Bass and pepper-sprayed plaintiff through the food port. And he goes on, causing plaintiff to suffer from exposure to pepper spray and so on. And that is ---- that entire document is under penalty of perjury. So I guess I have a hard time seeing where your technical argument gets you. Well, Your Honor, I respectfully disagree that it's a technical argument, that the court below held that summary judgment was proper because there was no dispute. We have de novo review. So tell us why we should conclude that there's no dispute of fact about what was in Miranda's mind when he pepper-sprayed the plaintiff. First of all, there is no sworn statement by plaintiff that he did not grab Bass's arm. So we have statements that were said, for example, spray him. That doesn't mean that it was inappropriate to spray him. And statements alone are not enough to state an Eighth Amendment claim. So here we have ---- Well, I guess I'm going to have to differ with you on that because even Mr. Lemons' declaration says that the command to spray him came right after he said, don't you ever talk to my lieutenant like that. So obviously the command that Bass allegedly gave was in retaliation for Mr. Shepard's statements that that prior, whatever that disciplinary hearing was, not because of some perceived need on Miranda's part to save his fellow officer from harm. That's at least the version of events that even ---- Your Honor, Office ---- Inmate Lemons is an auditory percipient witness and not a visual percipient witness. So ---- and there's no indication in his declaration about the timing. He places those in sequential order, those facts, but he doesn't say ---- A reasonable jury hearing this testimony, I think, could put two and two together, right? We're not ---- I mean, you don't get the benefit of every inference on an opposing on summary judgment. You're the moving party, so the inferences have to be drawn in Mr. Shepard's favor. No, but to make an inference in his favor of the timing being so short would be to read more into the declaration than is there. Well, can I ask this? Did you or your predecessor counsel below at any point object to the fact that Mr. Shepard's declaration, I guess, or any of these documents wasn't signed? Was that ever raised? Because it strikes me as a really unfair argument to make for the first time on appeal, if that's true, when you have a pro se litigant who I assume could have fixed this defect had it been pointed out. That was only raised on appeal that there was a dispute of fact as to ---- it was appellant's counsel who raised for the first time that there was a dispute. No, no, no. I'm saying in terms of litigating the summary judgment motion, right? Right. Was this something that you all pointed out below, that, hey, Judge, you don't even need to go past step one because this guy's declaration doesn't even sign it under penalty of perjury? I assume that Mr. Shepard would have fixed this defect, is all I'm saying, had it been pointed out. It strikes me as a little unfair for you to come up here for the first time on appeal and say that's the whole ---- that's the basis on which the whole case should be resolved. Well, Mr. Shepard in his objections to the report and recommendation could have insisted that he had, at that point, done something under penalty of perjury. My duty was to my client as a ---- Well, he ---- I really would like an answer to my original question. The motion for summary judgment and declaration, which starts on page ER-252, the entire thing is signed under penalty of perjury and it contains all the same facts as these other things contained. So if you use the normal summary judgment standard and give all inferences to the plaintiff, I still don't understand why there isn't a genuine issue of material fact about the motivation of Miranda in pepper spraying the plaintiff. Your Honor, in the summary judgment motion, Shepard, and this goes to show, by the way, that he knew how to make a statement under penalty of perjury because he does the summary judgment motion under penalty of perjury. But if you read closely that motion and the facts supporting that motion, he doesn't ever deny that he held Bass's arm or that he pulled Bass's arm. It's only in the unsworn things that he submits in opposition to summary judgment and in opposition to the findings and recommendation that he denies it. I hear you, but I think you're missing the more fundamental point to me is that your client, Mr. or Officer Miranda, is denying that Bass ever gave him the order that we have sworn testimony saying was given. And I just think a jury presented with those two versions of events is going to have to pick one or the other. And if the jury were to believe the other, right, that Bass did in fact give that command after saying, don't you ever speak to my lieutenant, I mean, your client is not going to prevail. He's going to prevail only if he can say there was no such order given. I perceived, at least, whether rightly or wrongly, Mr. Shepard pulling my guy in and that's when I sprayed him. And that's the conflict. It has nothing to do with whether in fact Mr. Shepard pulled Bass's arm or not. Kagan. Well, even given the let's presume that there was an order to pepper spray given. After stating, don't you ever talk to my lieutenant like that, Miranda, spray him. That's the version of events that we're presented with. And you're saying that somehow under qualified immunity, Miranda could think, oh, yeah, that's necessary, let me spray him? But if we also presume that plaintiff pulled Bass's arm, which is not disputed by any sworn testimony, even with those statements, qualified immunity is appropriate. Because we have to be fair to each other. Sotomayor, I'm sorry, just finish your sentence and then you have used your time. So if you could sum up very briefly, that would be useful. There's no dispute of fact as to whether Bass pulled his arm. So regardless of any gratuitous statements, it doesn't change the analysis that the force was appropriate and he's entitled to qualified immunity. If this Court were to find there's a dispute and remand, then the effect of the verdict as to Officer Bass, which was granted in 11 minutes in Fresno, would preclude the issue of the cuffs being slammed at any further proceedings. Thank you, counsel. I believe you have a minute for rebuttal. Thank you, Your Honors. I just want to address a few things that Appellant said. I'm in agreement about what the main issues are with Your Honors. But I do want to just address the proof of service issue. You know, Mr. Shepard seems to have had a misunderstanding of what it means to attest under penalty of perjury, because in his opposition to findings and recommendations, he does say — sorry, he does say, he does say, what do you mean, I did attest all of these under penalty of perjury, I put it after the proof of service. And that reflects Mr. Shepard's understanding on that issue. And I also agree with Your Honors that there is sufficient evidence in the record that the magistrate judge should have found that there were disputes of fact. And I'll just read a couple of things. This is from the — Counsel, you have about six seconds. We have the record in front of us, so — Okay. So, all right, well, I'll just rest. Thank you, counsel. The case just argued is submitted, and we appreciate the arguments of counsel, and in particular would like to thank pro bono counsel for taking on this case. It's very helpful to the court.
judges: Gilman, Graber, Watford